FILED BY ___ D.C.

JUN 24 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

1   Mr. Piero A Bugoni Pro - Se
    160 W Camino Real #191
    Boca Raton, FL 33432

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF FLORIDA

Piero A. Bugoni
    PLAINTIFF

vs

Broward County Florida,
Gregory Tony,
Emerald Towing,
Emerald Towing Towing Agent
BCSO Deputy Sepot
BCSO Deputy Alvarez
BCSO Deputy Fitzpatrick
BCSO Deputy Laing
Unknown BCSO Deputy #1
Unknown BCSO Deputy #2
Unknown BCSO Deputy #3
    DEFENDANTS

Case No.:

**COMPLAINT AND
CRIMINAL REPORT AFFIDAVIT**

**JURY DEMANDED**

### I. Jurisdiction And Venue:

1)   This Court has Jurisdiction over Defendants herein per 28 U.S.C. § 1332, because Plaintiff seeks more than $75,000 in damages, and because Defendant Emerald Towing is a Florida Corporation operating in and doing business in this State.

2)   All statutory claims of Jurisdiction are pursuant to The Constitution of The United States of America, and per Article III thereof.

28

3)   Federal Question:

This Complaint Pleads on its face Federal Questions pursuant to 42 U.S.C. § 1983 et seq., and 18 U.S.C. § 241 et seq.

4)   Supplemental Jurisdiction:

This Court may supplement its Jurisdiction in this Matter with Florida State Law because the statutory violations of Florida Law committed by Defendants are inseparable in nexus to the Federal Claims presented.

5)   28 U.S.C. § 1391 grants Venue herein because the acts of defendant that are charged by claim herein were committed, and the damages caused by that conduct, were incurred by Plaintiffs, and are being incurred in the State of Florida.

## II. Parties:

6)   Broward County Florida, a Municipal Corporation and Political Subdivision of The State of Florida, as Respondeat Superior liable for the actions of its Officers and quasi-governmental agents.

7)   Gregory Tony in his Official Capacity as supervising officer responsible for the actions of his subordinate officers, and individually as responsible for his actions in his Official Capacity as Sheriff of Broward County, an Officer of trust, of the State of Florida.

8)   Emerald Towing, a Florida Corporation, acting in a quasi-governmental capacity.

9)   Emerald Towing Agent, an individual person actual name unknown, individually and in his capacity as a quasi-governmental officer for-profit.

10) BCSO Deputy Sepot individually, and in his Official Capacity as an Officer, for-profit of the State of Florida.

11) BCSO Deputy Alvarez individually, and in his Official Capacity as an Officer for-profit of the State of Florida.

12) BCSO Deputy Fitzpatrick individually and in her Official Capacity as an Officer for-profit of the State of Florida.

13) BCSO Deputy Laing individually and in her Official Capacity as an Officer for-profit of the State of Florida.

14) Unknown BCSO Deputy #1 individually and in her Official Capacity as an Officer for-profit of the State of Florida.

15) Unknown BCSO Deputy #2 individually and in her Official Capacity as an Officer for-profit of the State of Florida.

16) Unknown BCSO Deputy #3 individually and in his Official Capacity as an Officer for-profit of the State of Florida.

### III. Short And Plain Statement Of Claim:

17) This Complaint alleges Five Counts against Broward County Officers of trust, and for-profit, and against quasi-governmental actors for unlawful seizure of Person and Property, for violating Plaintiff's Right to Privacy and To Remain Silent, and for Harassment by State Officers acting under Color of Official Right. It alleges both tortious and criminal violations of Law by the individual, official and quasi-governmental Defendants. Broward County

Sheriff Gregory Tony is held liable for failure to properly train, supervise, and maintain Constitutional and Statutory Compliance by his subordinates. Broward County Florida is held liable as Respondeat Superior for the tortious and criminal conduct conducted under Color of Official Right by its Official Actors.

### IV. Facts:

18) On 17 May 2020 Emerald Towing by and through its individual Agent, and with the aid of and at the solicitation of Defendants Sepot, Fitzpatrick, and Alvarez did in violation of United States Constitution Amendment IV seize one rental Motor Vehicle worth more than $20,000 from Plaintiff, costing him a $300 Impound Fee, plus more than $400 in additional costs for storage of the vehicle, and accrued rental charges for failure to release the vehicle to its Rightful Owner. Defendants had no right whatsoever to take that vehicle, and because they were acting as government agents and quasi-governmental agents did act under Color of Official Right and in violation of 42 U.S.C. § 1983, and 13 U.S.C. §§ 241, 242.

19) Because Defendants that did take the vehicle were not performing any kind of official duty, at all times relevant to this matter they acted solely in an individual capacity, and did commit Grand Theft in the Second Degree in violation of Fl. Stat. 812.014(1)(a), 812.014(1)(b), and 812.014(2)(b)(1).

20) At the time of the seizure of the Vehicle, it was locked, not in operation in any way. and parked legally and lawfully on Private Property, in a Parking Lot that was Open To The Public. Plaintiff was outside the vehicle, on that same Publicly-Open Private Property, with the keys to the vehicle in his hand.

21) At no time during the circumstances relevant to this matter did the Owner of that Property request the removal of that Vehicle from that Property.

1

22) At no time during the events relevant to this matter was the contact from Defendants Sepot, Alvarez nor Fitzpatrick part of a "Traffic Stop". Neither Plaintiff nor the Vehicle were on any Public Roadway, nor was the Vehicle being operated thereupon.

23) Regardless, while Plaintiff was standing in a Public Place, Deputy Alvarez assaulted Plaintiff by running up on him, and battered Plaintiff by grabbing his arm and forcing his wrists into metallic physical restraints. Alvarez then unlawfully imprisoned Plaintiff by forcing Plaintiff into the back of a police car which was locked and from which Plaintiff was unable to escape.

24) As a result of the battery and unlawful imprisonment by Deputy Alvarez, Plaintiff suffered physical injury to his wrists, and the nerves therein, and loss of the normal use of his hands and fingers for no less than one week afterward, and continued diminished use of them to the time of filing this complaint.

25) At the time these events occurred, BCSO Defendants Alvarez, Sepot, and Fitzpatrick had no Probable Cause whatsoever to know nor believe that Plaintiff had committed any crime whatsoever.

26) At all times relevant to this matter Plaintiff notified Defendants Sepot, Alvarez, Fitzpatrick and Emerald Towing Agent, multiple times that the Rightful Owner of the Vehicle would retrieve the vehicle via their own towing agency, and that the telephone number to contact that agency was on the Rental Contract located in the vehicle.

27) Upon being given such notice Defendants Alvarez, Sepot, and Fitzpatrick all claimed that they do not obey The Constitution of The United States of America, nor any State nor Federal Law, and that they take persons vehicles with the aid of Emerald Towing when arresting persons so that they can ultimately sell the vehicles at County Auction because

28

people will be unable to pay the towing fee because it is excessive, and likewise because additional daily storage charges will accrue while the vehicle owners are detained in county jail, and that they use the proceeds from these sales to pay their salaries.

28) Plaintiff has cause to know and believe those claims are true because according to the Broward County Budget, no less than Eighty Percent of the proceeds collected by the County are used to pay Personnel Costs. Judicial Notice thereof is hereby given.

29) Likewise upon being given notice multiple times that the Rightful Owner of the Vehicle would retrieve it via their own towing agency, Defendant Emerald Towing Agent acted with malice and Deliberate Indifference to this notice and did proceed to take the vehicle, in violation of Fl. Stat. 812.014(1)(a), 812.014(1)(b), and 812.014(2)(b)(1). This conduct was malice because as a Towing Agent, Defendant Emerald Towing Agent knows and has cause to know that Automobile Rental Agencies continually use Towing Agencies such as Emerald Towing to retrieve and return their property, and because it is a crime in violation of Florida State Law.

30) While Plaintiff was unlawfully imprisoned in the police car, Deputies Fitzpatrick, Sepot and Alvarez continued to harass Plaintiff in violation of FL. Stat. § 784.048 by calling him an "asshole" and other profane epithets, and to "sit" like a dog.

31) Plaintiff notified them that such conduct was not any kind of Official Duty, but regardless, they refused to stop. Deputy Fitzpatrick claimed that because their "Procedural Manual" supposedly stated that they may use profanity that such conduct was part of their Official Duty.

32) Later while waiting to be released from the Broward County detention facility, Unknown BCSO Deputy #2, who was seated to Deputy Laing's right, continued to claim

that Plaintiff was a "real asshole" because he continued to object to notify Deputy Laing that he was not required to answer any questions in order to be released.

33) Likewise at about that same time while Plaintiff was notifying Laing that he was not required to answer her questions in order to be released, and she continued to pester Plaintiff to do so, at some point Plaintiff stated in response to her questions: "I don't fucking know". At that point Unknown BCSO Deputy #3 said: "Hey, watch your fucking mouth!". His tone was hostile and threatening and communicated an intent to commit an act of violence against Plaintiff.

### V. Cause Of Action:

**Count 1:**

Unlawful Seizure, (Property), By Defendants Alvarez, Sepot, Fitzpatrick and Emerald Towing Agent.

34) Facts stated supra in Section IV of this Complaint as they apply to this Count are incorporated by reference herein.

35) Defendants named in this Count did unlawfully seize the Vehicle in question and hold for an ever-increasing fee that Property. Defendants were notified multiple times that the renting agency was in full capacity to receive its own property, and that their contact information was in the vehicle. The vehicle was parked legally and lawfully, in the parking lot of Private Commercial Property that is Open To The Public, and the vehicle was closed and locked. The conduct of defendants charged in this Count constitutes Malice because Defendants named in this Count were all given Notice multiple times that the Rightful Owner of the Vehicle would retrieve it promptly, and because it was parked legally, lawfully, safely and securely, and because they had no lawful authority of any kind to take

that Property.

36) The conduct alleged against Defendants named in this Count is a violation of Amendment IV, United States Constitution, 42 U.S.C. 1983, 18 U.S.C. 241, 242, FL. Stat 812.014(1)(a), 812.014(1)(b), and 812.014(2)(b)(1), and Common Law.

**Count 2:**

Grand Theft, Second Degree By Defendants Alvarez, Sepot, Fitzpatrick and Emerald Towing Agent.

37) Facts stated supra in Section IV of this Complaint as they apply to this Count are incorporated by reference herein.

38) Count 1 supra is incorporated by reference as to the allegations in this Count. In addition to pleading a Civil Cause of Action, supra, this Count alleges a Criminal Complaint against these defendants pursuant to 18 U.S.C. 241, 242, and FL. Stat 812.014(1)(a), 812.014(1)(b), and 812.014(2)(b)(1), for the same acts alleged in Count 1.

**Count 3:**

False Imprisonment / Unlawful Seizure (Person), by Defendant Laing and Unknown BCSO Deputy #1.

39) Facts stated supra in Section IV of this Complaint as they apply to this Count are incorporated by reference herein.

40) Upon being booked into the Broward County Jail Plaintiff had a pre-set bond amount of $100, and was ordered by a magistrate to be released immediately upon payment of that bond. Plaintiff had those funds available for payment immediately. An unknown sheriffs

deputy, (Unknown BCSO Deputy #1), refused to release Plaintiff nor inform him of that bond because Plaintiff informed her that he had no fixed residence address, and that the address that was provided to them by the arresting officer was incorrect. Upon appearing before a magistrate the following morning Plaintiff was ordered released on his own recognizance. At that time Plaintiff was free to go. However, Plaintiff was kept incarcerated until later that evening, (more than 12 hours), and at such time as jail staff began processing his release, deputy Laing refused to release Plaintiff unless Plaintiff answered numerous questions including revealing private information, (Social Security Number, Address), and what Plaintiff was charged with. Plaintiff at that moment could not recall exactly what the charges against him were, but eventually after his clothing and other property was returned to him, he produced the printed charging documents that were issued to him by the arresting officer, and showed them to Deputy Laing. Regardless, Deputy Laing refused to accept that information, and stated that she would not release Plaintiff until he verbally answered her and stated to her what the charges were. Plaintiff informed Deputy Laing that it was the states duty to inform a person of the charges not vice versa. Deputy Laing then informed Plaintiff that he would not be released until such time as he provided the information, and that he would be returned to a cell and continued to be held in the jail until such time as he did. Deputy Laing claimed that because they had errantly released detainees in the past that Plaintiff was required to identify himself to them by providing that and other private information, (Social Security Number, Address) and would not be released until he did. The conduct alleged in this Count against Deputy Laing is in violation of The U.S. Constitution, 42 U.S.C.1983, 18 U.S.C. § 242 and FL. Stat. § 787.02.

**Count 4:**

Violation of Right to Privacy / Right To Remain Silent by Deputy Laing.

41) Count 2 supra is incorporated by reference as to the facts material to this Count.

42) Plaintiff's Right To Remain Silent is ultimately a Privacy Right. Plaintiff is not required to answer any questions from any state officer for any reason. Plaintiff is not required to provide his Social Security Number nor any other Private nor Personal information to any state officer for any reason. Because Plaintiff was free to go at the time, Deputy Laing ultimately wrongfully arrested and falsely imprisoned Plaintiff for exercising his Right To Remain Silent, and his Right to Privacy in violation of The U.S. Constitution, 42 U.S.C.1983, and 18 U.S.C. § 242.

**Count 5:**

Harassment by Defendants Alvarez, Fitzpatrick, Sepot, Unknown BCSO Deputy #2, and Unknown BCSO Deputy #3

43) The course of conduct by Fitzpatrick, Alvarez, Sepot and Unknown BCSO Deputy #2, described supra, and incorporated by reference in this Count, of them calling Plaintiff an "asshole" and other profane epithets and personal insults, and doing so continually after being told to stop, was not any kind of Official Duty, and served no legitimate purpose whatsoever. It was purely for the purpose of sadistic abuse, and in fact was the most pathetic display of degenerate anal-sadism that Plaintiff has ever witnessed. That course of conduct caused Plaintiff substantial Emotional Distress in the form of Outrage, Fury and Adequate Provocation.

44) Fitzpatrick's claim that such conduct was Official Duty because their "Procedural Manual" claimed it was allowed is both errant and moronic. Uttering profane or vile terms like "shit" or "fuck" or "police officer", to express frustration, or perhaps dislike of a particular circumstance, may not be Harassment. However, when profane epithets and personal insults are directed toward a specific person, or spoken about a particular person for them to hear, and claimed about their person or character in their presence, that is Harassment in violation of FL. Stat. § 784.048, and is a crime under Florida Law, and

tortious under Common Law.

45) The conduct of Unknown BCSO Deputy #3 described supra and incorporated by reference in this Count was not any kind of Official Duty, and did not serve any legitimate purpose. No law enforcement officer has any authority of any kind to tell any person to speak or not to speak, nor how to speak. As such that conduct was Harassment in violation of FL. Stat. § 784.048, and is a crime under Florida Law, and tortious under Common Law.

46) The conduct alleged in this Count against Defendants Alvarez, Sepot, Fitzpatrick, Unknown BCSO Deputy #2 and Unknown BCSO Deputy #3, are further a violation of FDLE "LE Ethical Standards of Conduct" Rules 1.1, 5.1, 5.2, and Principle Five. Judicial Notice thereof is hereby given.

47) All conduct charged in this Count is adequate provocation and as such was an intentional infliction of emotional distress, and because Plaintiff would have received a felony charge for hitting these punks, Plaintiff was stuck with having to listen to their shit, and not being able to punch them in their mouth for it, and as such suffered emotional distress.

**Count 6:**
Violation of Right To Free Speech by Unknown BCSO Deputy #3.

48) At all times persons have a Right To Free Speech protected by The U.S. Constitution.

49) No government officer of any kind has any authority to order any person to speak, or not to speak, nor how to speak, now what to say, nor to refrain from any statement.

50) Because violation of a Person's Right To Free Speech for any length of time

constitutes Irreparable Harm, and because Unknown BCSO Deputy #3 attempted to threaten and intimidate Plaintiff from exercising his Right To Free Speech, the conduct of Unknown BCSO Deputy #3 as described in Section IV supra is in violation of Plaintiff's Right to Free Speech as protected by the United States Constitution, 42 U.S.C.1983, and 18 U.S.C. § 242.

### VI. Claims of Liability:

51) For all Counts supra, each Defendant is liable individually and in their corporate, Official or quasi-governmental capacity for the conduct alleged in each Count because that conduct is in violation of the laws stated in each Count.

52) For all Counts supra, Defendant Gregory Tony is Liable in his Official Capacity per 42 U.S.C. § 1986, as supervising officer for the conduct of all BCSO Defendants and all quasi-governmental Defendants acting in participation with the Broward County Sheriff's Office, and for failure to train these parties not to commit the conduct alleged, and for failure to properly supervise these parties to prevent the conduct committed by these parties.

53) For all counts supra, Broward County Florida is liable as Respondeat Superior for the conduct of all Defendants named herein.

54) As a party named herein, Defendant Gregory Tony is liable individually for the official conduct of Broward County Sheriff Gregory Tony.

55) For all Counts alleged supra, the conduct of all Defendants is in violation of Plaintiff's Peace and Dignity, The Peace and Dignity of the People of Broward County, The Peace and Dignity of the People of The State of Florida, and the Peace and Dignity of the United States of America, its Citizens, and occupants.

## VII. Relief Requested:

56) Twenty Thousand Dollars ($20,000) compensatory damages for the False Imprisonment claims.

57) One Thousand Dollars ($1,000) Compensatory Damages for the unlawful seizure of Plaintiff's Vehicle, and Plaintiff's time, effort and expenses incurred therefrom.

58) Fifty Thousand Dollars ($50,000) Compensatory Damages for Plaintiff's Time And Effort to pursue this complaint to any Summary Judgment, Settlement Conference, or Jury Trial.

59) One Hundred Thousand Dollars ($100,000) Compensatory Damages for pain and suffering and physical injury suffered by Plaintiff, and inflicted upon him by Defendants.

60) One Hundred Thousand Dollars ($100,000) Compensatory Damages for Emotional Distress inflicted upon Plaintiff by Defendants.

61) One Hundred Million Dollars ($100,000,000) Punitive Damages upon all Defendants for the deliberate, sadistic, and criminally unlawful conduct committed by Defendants, and for the purpose of permanently prohibiting any further such conduct by them.

62) Permanent Injunction ordering All BCSO Defendants to resign their employment as state officers for-profit, and to never again pursue nor accept any kind of public office for-profit of any kind.

## VIII. Pre-Emptive Settlement Offer:

63)   Ten Thousand Dollars, ($10,000), to settle ALL Civil Claims alleged herein and ANY OTHERS that may accrue from the circumstances attendant to this Complaint, including any subsequent False Imprisonment claims that may arise for the time between arrest and court-ordered release, that may arise from acquittal or dismissal of the state criminal charges against Plaintiff. This offer expires permanently upon the filing of any Dispositive or Responsive Pleading by Defendants. The purpose of this Offer is to direct funds that would be used to pay attorneys to defend this matter toward an immediate settlement without litigation, and for less cost than such litigation. Because any attorney who needlessly defends a complaint when it can be settled for less than the cost of such a defense is bilking their client, such needless litigation constitutes Attorney Malpractice. Because the Clients in this case are all Public or quasi-public entities, failure to pursue pre-litigative settlement with the intent of obtaining revenue from that conduct constitutes misuse or misappropriation of public funds and resources. As such, Plaintiff consents in advance to additional leave being granted to Defendants by the Court so that they may pursue pre-litigative settlement without being required by time constraints to file Responsive Pleadings.

Submitted to the Court, This 22 June, 2020.

_____

Mr. Piero A. Bugoni, Plaintiff Pro – Se

This Complaint constitutes a Criminal Complaint against Defendants subscribed and sworn to by Plaintiff, Piero Bugoni, Identified by State Identification, this 22nd Day of _____June_____, 2020, before ___John Lawrence___ a Notary of the State of Florida.



JOHN LAWRENCE
MY COMMISSION # GG340165
EXPIRES: August 02, 2023

Piero Bulzomi
160 W Camino Real
#191
Boca Raton 33452

U.S. District Court
299 E Broward
Fort Lauderdale