UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61236-CIV-DIMITROULEAS/SNOW

PIERO A. BUGONI,

    Plaintiff,

v.

BROWARD COUNTY FLORIDA,
GREGORY TONY,
EMERALD TOWING,
EMERALD TOWING AGENT,
BCSO DEPUTY SEPOT,
BCSO DEPUTY ALVAREZ,
BCSO DEPUTY FITZPATRICK,
BCSO DEPUTY LAING,
UNKNOWN BCSO DEPUTY #1,
UNKNOWN BCSO DEPUTY #2,
UNKNOWN BCSO DEPUTY #3,

    Defendants.
_____/

**REPORT AND RECOMMMEDNATION**

THIS CAUSE is before the Court on Plaintiffs' Motion to Compel Proper Service. (ECF No. 57) The Honorable William P. Dimitriouleas referred the Motion to the undersigned for an evidentiary hearing, if necessary, and Report and Recommendation on the issue of whether Plaintiff received a copy of the Defendants' Amended Motion to Dismiss. (ECF No. 65)

**I. BACKGROUND**

On June 24, 2020, *pro se* Plaintiff Piero A. Bugoni ("Plaintiff") brought this action against Defendants Broward County Florida ("Broward County"), Gregory Tony ("Sheriff Tony"), Emerald Towing, Emerald Towing Agent, BCSO Deputy Sepot ("Sepot"), BCSO Deputy Alvarez ("Alvarez"), BCSO Deputy Fitzpatrick ("Fitzpatrick"), BCSO Deputy Laing ("Laing"), Unknown BCSO Deputy #1 ("Unknown Deputy #1"),

Unknown BCSO Deputy #2 ("Unknown Deputy #2"), and Unknown BCSO Deputy #3 ("Unknown Deputy #3") for money damages and injunctive relief for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and state law claims pursuant to Fla. Stat. §§ 784.048, 812.04.[1] (ECF No. 1) On March 2, 2021, Plaintiff filed a Second Amended Complaint.[2] (ECF No. 50) On March 16, 2021, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 51) On April 6, 2021, the Court issued an Order to Show Cause because Plaintiff failed to file a response to the Motion and the time for such filing had passed. (ECF No. 52) The Court ordered Plaintiff to show cause by April 13, 2021, why the Defendants' Motion to Dismiss should not be granted. (ECF No. 52) On April 15, 2021, the Court granted Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint by default because Plaintiff failed to file a response to the Motion by the deadline imposed of April 13, 2021. (ECF No. 54). On April 15, 2021, the Clerk's office confirmed mailing Plaintiff a copy of the Court's Order dismissing the Second Amended Complaint. (ECF No. 59)

Thereafter, Plaintiff filed an untimely Response. Plaintiff's Response to the Order to Show Cause was postmarked on April 14, 2021, and filed on April 16, 2021.

---

[1] Fla. Stat §§ 784.048 and 812.04 are state criminal statutes that do not create a private cause of action.

[2] The Court dismissed the original complaint without prejudice for failure to satisfy the applicable rules of pleading under the Federal Rules of Civil Procedure. (ECF No. 4) On July 13, 2020, Plaintiff filed a First Amended Complaint. (ECF No. 5) Plaintiff's Second Amended Complaint reflected the exclusion of voluntarily dismissed Defendants Emerald Towing and Emerald Towing Agent, which the Court permitted on December 22, 2020, (ECF No. 40) Additionally, Defendant Broward County was dismissed as a party based on the Court's Order granting Defendant Broward County's Motion to Dismiss with Prejudice on January 15, 2021 (ECF No. 44), leaving the various Broward County Sherriff's officers and agents as the Defendants.

2

(ECF No. 56)  The Plaintiff simultaneously filed the instant Motion to Compel Proper Service.  (ECF No. 57).  In his untimely Response to the Court's Order, Plaintiff alleges he did not receive the Motion to Dismiss from the Defendants. Plaintiff further alleges he has a PACER account which is at least $100.00 in arrears and he is solely dependent on United States Mail to receive documents pertaining to this case.  In the instant Motion, which was postmarked on April 14, 2021, and entered on the docket on April 16, 2021, Plaintiff asks the Court to order the Defendants to serve the Motion to Dismiss by Certified Mail and to file the delivery receipt with the Court.  On April 19, 2021, the Court issued an Order Requiring the Defendants to file a Response to Plaintiff's Motion to Compel Proper Service advising whether the Court should grant the Plaintiff's request and stating Defendants' position on whether the Court should vacate the April 15, 2021 Order of Dismissal. (ECF No. 58)

On April 26, 2021, Defendants filed a Response to Plaintiff's Motion to Compel Proper Service asserting that the Motion to Dismiss was mailed to Plaintiff on March 17, 2021, and their office did not receive the Motion as returned mail. (ECF No. 60) In support of this assertion, on April 27, 2021, Defendants submitted two affidavits from clerical support staff at the Office of the General Counsel for Broward County's Sherriff Office. (ECF No. 63) Kristi Houlihan, the office manager, states in her affidavit "no Court filings that our office had mailed to Plaintiff, Piero Bugoni, for the above captioned litigation, had been returned to our office." (ECF No. 63) Miris Font, a litigation assistant, states in her affidavit she mailed the amended Motion to Dismiss to "the Plaintiff, Piero Bugoni's address, 160 West Camino Real #191, Boca Raton, Florida 33432 on March 17th, 2021 via US mail." (ECF No. 63) Plaintiff has not filed a

3

reply to Defendants' Response to the Motion to Compel Proper Service, and the Motion is now ripe for review.

## II. DISCUSSION

The Federal Rules of Civil Procedure require service of a written motion on every party. Fed. R. Civ. P. 5(a)(1)(D). Under Rule 5, service is complete upon mailing the paper to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C). Local Rules require any party appearing *pro se* to maintain current contact information with the Clerk of Court. S.D. Fla. L.R. 11.1(g). Otherwise, all Court pleadings and documents are deemed appropriately served either electronically or by conventional mail consistent with the information on file with the Clerk of Court. S.D. Fla. L.R. 11.1(g).

In the instant Motion, Plaintiff has not provided any evidence to support his argument that he never received Defendants' Amended Motion to Dismiss. There is a presumption that a party received a document sent by mail if the document was properly addressed, stamped, and mailed. See Barnett v. Okechobee Hosp., 283 F.3d 1232, 1240 (11th Cir. 2002). To rebut the presumption of receipt, an intended recipient must show that the failure to receive the mail was in no way their fault and that the recipient inquired about the late or missing mail. See Swauger v. Dep't of Def. – Def. Intel. Agency, No. 20-12205, 2021 U.S. App. LEXIS 8019, at *6 (11th Cir. Mar. 19, 2021).

Here, the Defendants' Certificate of Service (ECF No. 51 at 19), as well as the supporting affidavits (ECF No. 63), show that a copy of the Defendants' Motion to Dismiss was properly addressed, stamped, and mailed. Furthermore, Plaintiff had an opportunity to rebut the assertions made in the Defendants' Response by filing a reply

by May 3, 2021. Since Plaintiff has failed to do so, the undersigned accepts the assertions in Defendants' Response and supporting affidavits as accurate.

Also, Plaintiff provided no evidence the alleged failure to receive the Motion to Dismiss was in no way his fault or that he attempted to inquire about the late or missing Motion. Plaintiff's Response to Defendants' Motion to Dismiss was due on March 30, 2021. (ECF No. 51) The Court issued an Order to Show Cause on April 6, 2021 (ECF No. 52), and the Clerk mailed the Order to Plaintiff that same day. See Notice of Compliance (ECF No. 53) The Order directed Plaintiff to submit a response to the Motion to Dismiss by April 13, 2021. (ECF No. 53) Plaintiff's Motion to Compel Proper Service was postmarked on April 14, 2021, which is fifteen days after his response to the Defendants' Motion to Dismiss was due and one day after the due date of his response to the Court's Order to Show Cause.

The Order to Show Cause alerted Plaintiff to the existence of Defendants' Motion to Dismiss. (ECF Nos. 52, 57) Plaintiff does not allege he did not receive the Order. Instead, Plaintiff responded to the Order after the response deadline by filing his Motion to Compel Proper Service. (ECF No. 57) Upon receipt of the Order to Show Cause dated April 6, 2021, Plaintiff could have, at the very least, attempted to contact the Defendants' counsel to inquire about the Motion to Dismiss.

Significantly, Plaintiff does not allege the address on file with the Clerk of Court "160 West Camino Real #191, Boca Raton, Florida 33432" is not his current address. There are no docket entries showing any mail sent to this address ever was returned to the Court as undeliverable, and Ms. Font stated in her affidavit she mailed Plaintiff a copy of the Motion to this address. From the time the original Complaint was filed,

Plaintiff consistently has listed the address on file as his correct address. He did so on envelopes and on documents filed with the Court and served on the Defendants including the instant Motion.³ Therefore, Plaintiff has failed to rebut the presumption of service.

Finally, dismissing Plaintiff's Second Amended Complaint does not leave Plaintiff without a forum for his complaints. This case is based on events connected to his arrest by Defendants. Plaintiff can raise any alleged violations of his constitutional rights in Broward County Court in his pending state criminal case, Case No. 20003259MM10A.⁴ (ECF No. 51 at 2)

In sum, Plaintiff's bare assertion that he never received the Defendants' Amended Motion to Dismiss, made after the Motion was granted, cannot suffice. The undersigned finds that Plaintiff has presented no evidence to overcome the

---

³ Plaintiff represented to the Court the address listed above is his current address in the following documents:
1. The original Complaint (ECF No. 1 at 1, 15)
2. The First Amended Complaint (ECF No. 5 at 1, 24)
3. Notice of Filing Proposed Summonses (ECF No. 7 at 1–10)
4. Response to Order to Show Cause for Failure to Comply with Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 11)
5. Motion for Service by United States Marshals (ECF No. 12)
6. Notice of Pending Settlement (ECF No. 37)
7. Response to Order to Show Cause to Deny Defendant Broward County's Motion to Dismiss (ECF No. 41).
8. Motion for Extension of Time to File Second Amended Complaint (ECF No. 46)
9. The Second Amended Complaint (ECF No. 50 at 1)
10. Response to Order to Show Cause for Failure to Respond to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 56)
11. Motion to Compel Proper Service (ECF No. 57)

⁴ On May 17, 2020, Plaintiff was arrested by Defendants for "resisting arrest, driving with an expired driver's license, careless driving, failure to wear a safety belt, improper change of lanes, and a red light camera violation." (ECF No. 51 at 2) See Florida v. Bugoni, Case No. 20003259MM10A (Fla. 17th Cir. Ct May 18, 2020).

presumption that he received the Defendants' Motion to Dismiss. The evidence establishes that Defendants' Motion was properly addressed, stamped, and mailed. The Court's Order to Show Cause issued on April 6, 2021, alerted Plaintiff that the Defendants had filed a Motion to Dismiss. Upon receipt of the Order, it became Plaintiff's responsibility to reach out to the Defendants or the Court to inquire about obtaining a copy of the Motion to Dismiss that Plaintiff claims he never received. Instead, Plaintiff did nothing and let the response deadline to the Order to Show Cause pass before claiming he never received the Defendants' Motion to Dismiss. The undersigned finds that Plaintiff was properly served with the Orders of the Court as well as Defendants' Motion and there is no basis to vacate this Court's Order granting the Motion.

The undersigned is mindful that the Supreme Court has recognized that in some instances, more flexibility should be granted to *pro se* litigants, particularly prisoners filing documents pertaining to their criminal appeals. See Mcneil v. United States, 508 U.S. 106, 113 (1993). However, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." Id. The Court has warned Plaintiff on numerous occasions that a failure to timely respond to a motion to dismiss would result in the Court granting the motion by default. See (ECF Nos. 34, 52, 54)

### III. CONCLUSION

After careful review of the Motion, the Response, the court file, and applicable law, it is hereby

RECOMMENDED that Plaintiff's Motion to Compel Proper Service (ECF No. 57) be DENIED.

**The Clerk of Court is directed to file a Notice of Compliance upon mailing this Report and Recommendation to Plaintiff.**

The parties will have fourteen (14) days after being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. See 28 U.S.C. § 636(b)(1) (2020) (providing procedure for review of magistrate judge Report and Recommendation). Failure to timely file objections shall bar the parties from a de novo determination by Judge Dimitrouleas of any issue covered in this Report and shall bar the parties from challenging, on appeal, the factual findings accepted or adopted by this Court, except upon grounds of plain error or manifest injustice. See Thomas v. Arn, 474 U.S. 140, 145–53 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 25th day of May 2021.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

Piero A. Burgoni, pro se
160 W. Camino Real, #191
Boca Raton, FL 33432